UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**OCIE HOSKINS, #75124**                                                 **PLAINTIFF**

**VERSUS**                            **CIVIL ACTION NO. 3:13-cv-501-CWR-FKB**

**DORIS MCDONALD and UNKNOWN JACKSON**           **DEFENDANTS**

## MEMORANDUM OPINION and ORDER

Plaintiff, an inmate of the Mississippi Department of Corrections, filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983. On August 21, 2013, this Court entered an Order [3] advising the Plaintiff of the consequences of filing this action under the Prison Litigation Reform Act. The Order directed the Plaintiff to file either a notice of voluntary dismissal or a written response stating that he wishes to continue with this case, within thirty days. The Plaintiff was warned that his failure to timely comply with the requirements of the Order may result in the dismissal of this case. The Plaintiff failed to comply with the Order [3] of August 21, 2013.

On October 17, 2013, an Order [4] was entered directing the Plaintiff to show cause, on or before November 1, 2013, why this case should not be dismissed for his failure to comply with the Court's August 21, 2013 Order. In addition, Plaintiff was directed to comply with the Order by filing a notice of voluntary dismissal or a written response stating that he wishes to continue with this case, on or before November 1, 2013. The Show Cause Order warned Plaintiff that failure to timely comply with the requirements of the Order would lead to the dismissal of his Complaint, without further notice. Plaintiff did not comply with the Show Cause Order.

Since Plaintiff is incarcerated and proceeding *pro se*, he was provided one final opportunity to comply with the Court's Orders prior to the dismissal of this case. On November 18, 2013, the

Court entered a Final Order to Show Cause [5] directing Plaintiff to show cause why this case should not be dismissed for his failure to comply with the Orders of August 21, 2013, and October 17, 2013. In addition, Plaintiff was directed to comply with the previous Orders, on or before December 3, 2013. The Final Order to Show Cause [5] also warned Plaintiff that his failure to timely comply with the Order or his failure to keep this Court informed of his current address would result in the dismissal of this case without further written notice to the Plaintiff.

Plaintiff has not contacted the Court regarding this case since the case was filed on August 20, 2013. This Court has the authority to dismiss an action for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the court. *Id*. at 629-30.

Plaintiff has failed to comply with three court orders. As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution" but instead such efforts have proven futile. *See Tello v. Comm'r.*, 410 F.3d 743, 744 (5th Cir. 2005). Therefore, the Court concludes that dismissal of this action for Plaintiff's failure to prosecute and failure to comply with the Orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure is proper. *See Rice v. Doe*, No. 08-20381, 2009 WL 46882, at *1(5th Cir. Jan. 8, 2009)(affirming dismissal of prisoner's case for failure to comply with court orders). Since the Defendants have not been called on to

respond to Plaintiff's pleading, and the Court has not considered the merits of Plaintiff's claims, the Court's Order of dismissal is without prejudice. *See Munday/Elkins Auto. Partners, Ltd. v. Smith*, 201 F. App'x 265, 267 (5th Cir. 2006).

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

SO ORDERED, this the 19th day of December, 2013.

                                              s/Carlton W. Reeves
                                              UNITED STATES DISTRICT JUDGE